IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SINDY PAOLA TAX CALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| LIPMAN-TEXAS, LLC DBA LIPMAN | § | |
| PRODUCE, COMBS PRODUCE, AND | § | |
| LIPMAN FAMILY FARMS, | § | |
| | § | |
| Defendant. | § | |

---

**APPENDIX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. § 1446 and Local Rule 81.1, in support of Defendant's Notice of

Removal, Defendant Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman

Family Farms (collectively referred to as "Defendant") provides the Court with the attached

documentation:

| EXHIBIT | DESCRIPTION | DATE |
|---|---|---|
| 1 | Plaintiff's Original Petition | 02/19/2021 |
| 1-A | Affidavit of Service of Citation | 02/23/2021 |
| 1-B | Defendant's Original Answer | 03/26/2021 |
| 1-C | Docket Sheet for State Court Action No. DC-21-02162 in the 14th District Court of Dallas County, Texas | 04/02/2021 |
| 2 | Defendant's Notice of Filing Removal (14th District Court of Dallas County) | 04/02/2021 |

1

Dated: April 2, 2021                    Respectfully submitted,

                                        */s/ Charles H. Wilson*
                                        Charles H. Wilson
                                        Texas State Bar No. 00797678
                                        Federal ID No. 34581
                                        LITTLER MENDELSON, P.C.
                                        1301 McKinney Street, Suite 1900
                                        Houston, Texas 77010
                                        713.652.4737 (Telephone)
                                        713.456.2481 (Facsimile)
                                        Email: chawilson@littler.com
                                        **ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this the 2nd day of April, 2021, a true and correct copy of the foregoing document was duly served via the Court's e-filing system, Certified Mail, Return Receipt Requested, e-mail and/or facsimile, on counsel of record as follows:

Joseph H. Gillespie
GILLESPIE SANFORD LLP
4803 Gaston Avenue
Dallas, Texas  75246Facsimile:  214.838.0001
Email:  joe@gillespiesanford.com

Shana KhaderEQUAL JUSTICE CENTER
1250 W. Mockingbird Lane, Suite 455
Dallas, Texas  75247
Facsimile:  469.941.0861
Email:  skhader@equajusticecenter.org


ATTORNEY FOR PLAINTIFF
CINDY PAOLA TAX CALI


*/s/ Charles H. Wilson*
Charles H. Wilson

# EXHIBIT 1

2/19/2021 3:0
FELICIA P
DISTRICT CL
DALLAS CO., TE
Alicia Mata DEF

DC-21-02162

CAUSE NO. DC _____

| | | |
|---|---|---|
| **SINDY PAOLA TAX CALI,** | § | |
| | § | |
| *Plaintiff,* | § | **IN THE DISTRICT COURT** |
| | § | |
| *v.* | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **LIPMAN-TEXAS, LLC DBA LIPMAN** | § | |
| **PRODUCE, COMBS PRODUCE, AND** | § | 14th |
| **LIPMAN FAMILY FARMS,** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sindy Paola Tax Cali ("Ms. Tax Cali") complains of Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms' violations of the Texas Labor Code. Plaintiff respectfully shows as follows:

### I.      DISCOVERY

1. Plaintiff intends to conduct discovery under Discovery Control Plan - Level 2.

### II.      JURISDICTION, AND VENUE

2. This court has jurisdiction over this matter because it arises under the laws of the State of Texas and jurisdiction is mandated under the Texas Labor Code.

3. Venue is appropriate in this Court under the Texas Labor Code because Defendant's principal place of business is in Dallas County, Texas and the key events related to this litigation occurred in Dallas County.

4. Ms. Tax Cali has exhausted her administrative remedies regarding the claims in this action.

### III.   PARTIES

5.      Plaintiff Ms. Tax Cali is a Hispanic female who resides in Dallas County, Texas.

6.      Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms ("Lipman"), is a Florida company actively doing business in Texas under the name Lipman-Texas, LLC.  Its principal place of business and center of direction, control, and coordination is 11990 Shiloh Rd., Dallas, TX 75228.  Lipman-Texas, LLC may be served with process on their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7.      Lipman is part of Lipman Produce, a network of farms and produce packaging facilities across the U.S.  Lipman Produce is one of the largest, if not the largest, producer of tomatoes in the United States. Lipman and Lipman Produce share an interrelation of operations, common management, centralized control of labor relations, and/or common ownership or financial control.

### IV.   FACTUAL BACKGROUND

8.      Ms. Tax Cali began working at a Lipman packing house on Shiloh Road in Dallas, Texas in approximately October 2017.  Her last day at work was on or about November 18, 2018.

9.      Ms. Tax Cali is a Hispanic female.  She does not speak English and her primary language is Spanish.

10.      Beginning around February 2018, Ms. Tax Cali began working overnight shifts a few times a week under the supervision of a Lipman employee named Miguel Piña.

11.      Ms. Tax Cali's responsibilities were primarily cleaning waste receptacles, cleaning machines, and sweeping.  By around May 2018, she worked full time on the night shift under Mr. Piña's supervision.

12.     Beginning around the time she first began working night shift at Lipman, Mr. Piña openly sexually harassed Ms. Tax Cali. Mr. Piña's sexual harassment was severe *and* pervasive. For example, Mr. Piña would frequently grab Ms. Tax Cali's breast through her clothes. He would show her photographs of his genitals. He would approach her with an erection visible through his clothes and say things to her like, "mira como me tienes" ("look at what you do to me"). He would approach her from behind and press his erect penis against her. He would forcibly try to move her hand toward his erection. He would regularly make other sexually explicit statements to her, such as saying that he thought of her while having sex with his wife.

13.     Ms. Tax Cali resisted the harassment. She told Mr. Piña numerous times between about February and November 2018 to stop and that he should treat her with respect. She would pull away or walk away when he touched her in a sexual way or when he tried to touch her in a sexual way. Despite her resistance, Mr. Piña did not stop.

14.     Ms. Tax Cali's coworkers were aware of Mr. Piña's harassment of Ms. Tax Cali. Ms. Tax Cali repeatedly discussed the harassment with an individual who exercised supervisory authority, but he took no action.

15.     On or about November 8, 2018, Ms. Tax Cali broke down and told Mr. Piña's supervisor, a man named José, what Mr. Piña was doing to her. José listened to Ms. Tax Cali but took no action.

16.     On or about November 10, 2018, Ms. Tax Cali again went to José and reported that Mr. Piña had been sexually harassing her. This time, José took Ms. Tax Cali to meet with a woman named Kimberly, who, upon information and belief, worked in human resources for Lipman. With another staff member interpreting, Ms. Tax Cali explained in detail to Kimberly what Mr. Piña

had been doing to her.  Kimberly responded by telling Ms. Tax Cali that she (Kimberly) would need to interview Mr. Piña to hear his side of the story and give him a chance to "defend himself."

17.     When Ms. Tax Cali returned to work her next shift, she still had not heard anything back from Lipman regarding her complaint.  As usual, she was required to work under Mr. Piña's supervision.

18.     When Ms. Tax Cali returned to work after reporting Mr. Piña's harassment, Mr. Piña began retaliating against her. Mr. Piña began nit-picking her work and making up reasons to criticize her.  For example, he told her that she had taken too long to complete her work even though she had finished on time.  He also complained that she left machines dirty even though she had cleaned them well.

19.     Soon thereafter, Mr. Piña increased Ms. Tax Cali's workload and assigned her new responsibilities. He assigned her to clean three machines and told her that she needed to clean all three in the time the person normally assigned to this task cleaned just two machines.  Ms. Tax Cali did not believe it was possible to complete the work in the time allotted.

20.     This retaliation went on for days.  Each time she reported to work, still under Mr. Piña's supervision, and experienced his unwarranted hostility, Ms. Tax Cali felt fear and anxiety. She began having nightmares about Mr. Piña. Ms. Tax Cali told Mr. Piña's supervisor, José, about the way Mr. Piña was treating her. José did not take any action. Furthermore, neither José nor anybody else at Lipman provided any information to Ms. Tax Cali regarding what, if anything, the company was doing in response to her complaints.

21.     About a week after she had reported, still having heard nothing from Lipman about her complaint and still forced to work under Mr. Piña's supervision, Ms. Tax Cali told José that

she could no longer bear to work under Mr. Piña's supervision. In response, José told her he was sorry that the company had not been able to do more for her.

22.     On or about November 15, 2018, after she perceived that Lipman had failed to take any remedial action, Ms. Tax Cali contacted the Fair Food Standards Council ("FFSC") and requested their assistance. The FFSC is a body that monitors working conditions for certain agricultural workers. FFSC contacted Lipman regarding Ms. Tax Cali's complaint on or about November 17.

23.     On or about Monday, November 19, 2018, still having received no resolution or even any updates from Lipman regarding her complaint, and still working under Mr. Piña's supervision, Ms. Tax Cali feared heightened retaliation from Mr. Piña and did not feel safe at work. Ms. Tax Cali informed José, by text message, that she needed to take about a month away from work and intended to return to work. José never responded.

24.     Lipman eventually investigated Ms. Tax Cali's complaint and, having substantiated her allegations, terminated Mr. Piña's employment. However, Lipman did not contact Ms. Tax Cali to inform her of the outcome of its investigation or to offer her job back.

25.     In late November 2018, FFSC informed Ms. Tax Cali that Lipman had had investigated and substantiated her complaint, and terminated Mr. Piña's employment. By that time, Ms. Tax Cali was temporarily residing with a relative in California, having fled the state of Texas due to her fear and anxiety surrounding the events at work.

26.     Having learned that Mr. Piña had been terminated, in early January 2019, Ms. Tax Cali sought to return to her position at Lipman. She contacted José and asked if she could return to work. José informed her that if she wished to return, she would have to submit a new application.

27.     In late January or early February 2019, Ms. Tax Cali completed and submitted a new application to work at Lipman.  Kimberly, the human resources employee to whom she had complained, told her that there was no work.

28.     Since that time, Lipman has not offered her any work even though Lipman has hired other individuals for the same position that Ms. Tax Cali held or other positions that Ms. Tax Cali is qualified for.

29.     In April 2019, Ms. Tax Cali timely filed a charge of sex discrimination and retaliation against Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms with the United States Equal Employment Opportunity Commission ("EEOC") and her charge was co-filed with the Texas Workforce Commission, Human Rights Division ("TWC").

30.     In the course of the EEOC's investigation, Lipman informed the EEOC that it did not start an investigation into Ms. Tax Cali's complaint until *after* the FFSC contacted Lipman – that is, that Lipman in effect took no action when Ms. Tax Cali herself complained directly to Lipman about the severe harassment to which she was being routinely subjected on its premises.

31.     In the course of the EEOC's investigation, Lipman informed the EEOC, falsely, that Ms. Tax Cali "refused to return to work."

32.     Ms. Tax Cali has made a written request of a notice of right to sue from the TWC. She has not received a notice of right to sue from the TWC yet. Pursuant to Texas Commission on Human Rights Act Section 21.252(d), failure to issue the notice of right to sue does not affect a complainant's right to file suit. Thus, Ms. Tax Cali has exhausted the necessary administrative prerequisites under Chapter 21 of the Texas Labor Code.

## V.    CAUSES OF ACTION

### COUNT ONE: SEX DISCRIMINATION
### IN VIOLATION OF TEXAS LABOR CODE CHAPTER 21

33.    Ms. Tax Cali incorporates the above paragraphs by reference as if fully restated herein.

34.    Chapter 21 of the Texas Labor Code prohibits discrimination based upon gender, including sexual harassment. Texas Labor Code §21.051.

35.    Lipman's actions constitute unlawful discrimination in violation of Chapter 21 of the Texas Labor Code.   Among other actions, Lipman intentionally or negligently subjected Ms. Tax Cali to an unwelcomed, hostile and abusive working environment sufficient to alter the terms, conditions, and privileges of her employment.  Lipman allowed sexual harassment to continue against Ms. Tax Cali.

36.    As result of Defendant's discriminatory actions, Plaintiff has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which she hereby sues.

37.    At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's state-protected rights, thus entitling Plaintiff to punitive damages.

38.    Because of the above actions of Defendant, Plaintiff has retained counsel and has and will incur attorneys' fees and costs in connection with this litigation.  Therefore, Plaintiff seeks attorneys' fees and costs of suit.

## COUNT TWO: RETALIATION
## IN VIOLATION OF TEXAS LABOR CODE CHAPTER 21

39.     Ms. Tax Cali incorporates the above paragraphs by reference as if fully restated herein.

40.     Chapter 21 of the Texas Labor Code also prohibits retaliation.  Tex. Labor Code §21.055.

41.     Ms. Tax Cali engaged in protected activity by, among other actions, reporting egregious sexual harassment and participating in the company's internal inquiry. *See, e.g., Crawford v. Metro. Gov.'t of Nashville & Davidson County, Tenn.*, 555 U.S. 271 (2009).

42.     Lipman's actions constitute unlawful retaliation under the Texas Labor Code Chapter 21. Among other unlawful actions, Ms. Tax Cali negatively altered the terms and conditions of Ms. Tax Cali's employment because of her protected activity, and Lipman failed to reinstate or rehire Ms. Tax Cali because of her protected activity. Lipman's unlawful actions were deliberate, willful, and malicious.

43.     As a result of Defendant's retaliatory actions, Plaintiff has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which she hereby sues.

44.     At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's state-protected rights, thus entitling Plaintiff to punitive damages.

45.     Because of the above actions of Defendant, Plaintiff has retained counsel and has and will incur attorneys' fees and costs in connection with this litigation. Therefore, Plaintiff seeks attorneys' fees and costs of suit.

## JURY DEMAND

46.     Ms. Tax Cali requests a jury trial on all issues, claims, actions, and defenses in this case.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Tax Cali prays that Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms be summoned to appear and answer, and that on final trial, judgment be granted against them jointly and severally awarding Ms. Tax Cali the following relief:

a.      A declaration that Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms's actions violated Chapter 21 of the Texas Labor Code as alleged herein;

b.      Injunctive relief necessary to permanently and forever enjoin Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms from retaliating against Ms. Tax Cali and others who complain of sex discrimination, sexual harassment, and/or retaliation;

c.      Compensatory damages;

d.      Punitive damages;

e.      Prejudgment and post-judgment interest;

f.      Attorney's fees, expert fees, and costs of suit; and

g.      Other legal and equitable relief to which Ms. Tax Cali may justly be entitled.

h.      The monetary relief Plaintiff seeks is over $250,000 but not more than $1,000,000, exclusive of interest, statutory or punitive damages and penalties, and attorney's fees and costs.

DATED:  February 19, 2021                    Respectfully submitted,

GILLESPIE SANFORD LLP
4803 Gaston Ave.
Dallas, Texas 75246
Tel:     214.800.5111
Fax:     214.838.0001

By:  /s/ Joseph H. Gillespie
     Joseph H. Gillespie
     Texas Bar No. 24036636

Email:    joe@gillespiesanford.com


EQUAL JUSTICE CENTER
1250 W. Mockingbird Lane, Suite 455
Dallas, TX 75247
Tel:     469-228-4233
Fax:     469-941-0861

By:  /s/ Shana Khader
     Shana Khader
     Texas Bar No. 24099860

Email: skhader@equaljusticecenter.org

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 1-A

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**  **LIPMAN-TEXAS, LLC**
**ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SINDY PAOLA TAX CALI**

Filed in said Court **19th day of February, 2021** against

**LIPMAN-TEXAS, LLC DBA LIPMAN PRODUCE, COMBS PRODUCE, AND LIPMAN FAMILY FARMS**

For Suit, said suit being numbered **DC-21-02162,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of February, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By _____, Deputy
        KAJUANA COOK





---

**ESERVE**

**CITATION**

**DC-21-02162**

**SINDY PAOLA TAX CALI**
**vs.**
**LIPMAN-TEXAS, LLC**

**ISSUED THIS**
**23rd day of February, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KAJUANA COOK, Deputy

**Attorney for Plaintiff**
**JOSEPH H. GILLESPIE**
EQUAL JUSTICE CENTER
1250 W MOCKINGBIRD LANE
STE 455
DALLAS TX 75247
469-228-4233
**joe@gillespiesanford.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

DELIVERED: 5/4/21

By: Assured Civil Process Agency

# EXHIBIT 1 -B

FILED
3/26/2021 9:05 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-21-02162

| | | |
|---|---|---|
| SINDY PAOLA TAX CALI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | DALLAS COUNTY, TEXAS |
| LIPMAN-TEXAS, LLC DBA LIPMAN | § | |
| PRODUCE, COMBS PRODUCE, AND | § | |
| LIPMAN FAMILY FARMS, | § | |
| | § | |
| Defendant. | § | 14TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND
## AFFIRMATIVE DEFENSES

Defendant Lipman-Texas, LLC *dba* Lipman Produce, Combs Produce, and Lipman Family Farms (collectively, "Defendant") file this Original Answer and Affirmative and Other Defenses in response to Plaintiff Sindy Paola Tax Cali's ("Plaintiff" or "Cali") Original Petition ("Petition").

## I.    GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies generally every allegation contained in Plaintiff's Original Petition, and respectfully requests that the Court require Plaintiff Sindy Paola Tax Cali to prove each of her claims, charges, and allegations by a preponderance of the evidence as required by the Texas Rules of Civl Procedure and Constitution and the laws of the State of Texas.  Defendant respectfully requests and reserves the right to plead further and additional defenses in this cause as the facts surrounding this matter are developed.

## II.    AFFIRMATIVE AND OTHER DEFENSES

Subject to its General Denial, and without admitting that Defendant bears the burden of proof or persuasion as to any issue, Defendant asserts the following affirmative defenses to

Plaintiff's claims.  To the extent that any of the following defenses may be interpreted as being inconsistent, Defendant pleads such defenses in the alternative:

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff's complaint fails to state a claim upon which relief can be granted, including punitive damages.

### SECOND DEFENSE

Defendant specifically pleads that Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff failed to satisfy applicable conditions precedent by properly exhausting her administrative remedies.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent such claims or supporting allegations exceed the reasonable scope and investigation of the Charge that Plaintiff filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission.

### FOURTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, to the extent such claims were not timely filed or pursued within the applicable statutes of limitation.

### FIFTH DEFENSE

Plaintiff's claims and relief are barred to the extent the equitable doctrines of after-acquired evidence, avoidable consequences, waiver, estoppel, laches and/or unclean hands.

### SIXTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory, and non-discriminatory business reasons, and based on reasonable factors other than Plaintiff's race, age, disability, color, or any other legally protected status.

## SEVENTH DEFENSE

Even if Plaintiff proves her sex or protected activity was a motivating factor for any employment decision or action alleged by Plaintiff, which Defendant denies, the same action would have been taken regardless of Plaintiff's sex or protected activity.

## EIGHTH DEFENSE

If any improper, illegal or discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of the employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## NINTH DEFENSE

Defendant has in place a clear and well-disseminated policy against harassment, discrimination, and retaliation on the basis of any protected class and a reasonable and available procedure for handling complaints providing for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claims are barred.

## TENTH DEFENSE

To the extent, if any, Plaintiff complained adequately of allegedly unlawful, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

## ELEVENTH DEFENSE

Plaintiff's damages are limited by all applicable statutory damages caps and limitations provided by state and federal law, including Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Labor Code, and all other similar limitations. Defendant asks that the Court

require Plaintiff to prove such punitive damages, if any, by clear and convincing evidence, as required by law.

### TWELFTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff has failed to mitigate her damages.  Consequently, Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

### THIRTEENTH DEFENSE

Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's interim earnings, income, unemployment benefits, disability benefits, workers' compensation benefit, and/or Social Security benefits.

### FOURTEENTH DEFENSE

Defendant alleges that no act or omission on Defendant' part proximately caused any of Plaintiff's alleged injuries or damages.

### FIFTEENTH DEFENSE

Defendant alleges that Defendant' actions, if any, were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

### SIXTEENTH DEFENSE

Defendant alleges that Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States and Texas Constitutions.

### SEVENTEENTH DEFENSE

Defendant specifically denies any allegations of knowing or intentional conduct and other conduct which may form the legal basis for entitlement to the exemplary or punitive damages requested.  Defendant have not acted with malice, in willful disregard for the law, with a wanton

and willful disregard for or a reckless indifference to the rights of Plaintiff, or engaged in any knowing conduct which may form the basis for exemplary or punitive damages.

### EIGHTEENTH DEFENSE

To the extent Plaintiff's Petition sets forth claims that are frivolous, unreasonable, or without foundation, Defendant requests an award of attorneys' fees associated with defending against such claims.

### NINETEENTH DEFENSE

At all times relevant hereto, Plaintiff was treated in a manner consistent with similarly-situated persons.

### TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Petition and any damages which she allegedly suffered.  Any disciplinary actions taken with respect to Plaintiff were not based on any wrongful conduct by Defendant, but instead resulted from Plaintiff's failure to act in accordance with Defendant' policies.

### III.   PRAYER

WHEREFORE, for the foregoing reasons, Defendant Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms respectfully requests that this Court dismiss Plaintiff Sindy Paola Tax Cali's Original Petition with prejudice, deny Plaintiff's demands and prayer for relief, award Defendants' costs and reasonable attorneys' fees incurred in the defense of this action, and grant such further relief to which Defendant is entitled.

Dated March 26, 2020.                    Respectfully submitted,

                                         By: */s/ Charles H. Wilson*
                                             Charles H. Wilson
                                             Texas Bar No. 00797678
                                             Michael Wilson
                                             Texas Bar No. 24120409
                                             LITTLER MENDELSON, P.C.
                                             1301 McKinney Street, Suite 1900
                                             Houston, Texas  77010
                                             Telephone:  713.652.4737
                                             Facsimile:  713.456.2481
                                             ChaWilson@littler.com
                                             MiWilson@littler.com

                                             **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this the 26th day of March, 2021, a true and correct copy of the foregoing document was duly served via certified mail, return receipt requested, email, facsimile, and/or the Court's e-filing system, as follows:

Joseph H. Gillespie
GILLESPIE SANFORD LLP
4803 Gaston Avenue
Dallas, Texas  75246
Facsimile:  214.838.0001
Email:  joe@gillespiesanford.com

Shana Khader
EQUAL JUSTICE CENTER
1250 W. Mockingbird Lane, Suite 455
Dallas, Texas  75247
Facsimile:  469.941.0861
Email:  skhader@equajusticecenter.org

**ATTORNEYS FOR PLAINTIFF
SINDY PAOLA TAX CALI**

*/s/ Charles H. Wilson*
Charles H. Wilson

4815-2114-4033.2

7

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lisa Morgan on behalf of Charles Wilson
Bar No. 797678
lmorgan@littler.com
Envelope ID: 51858509
Status as of 3/26/2021 10:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Halcut Gillespie | 24036636 | joe@gillespiesanford.com | 3/26/2021 9:05:22 AM | SENT |

# EXHIBIT 1-C

## Case Information

DC-21-02162 | SINDY PAOLA TAX CALI vs. LIPMAN-TEXAS, LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-02162 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 02/19/2021 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
TAX CALI, SINDY PAOLA

Active Attorneys ▾
Lead Attorney
Khader, Shana
Retained

DEFENDANT
LIPMAN-TEXAS, LLC

  Aliases
  *DBA* LIPMAN PRODUCE, COMBS PRODUCE, AND LIPMAN
  FAMILY FARMS
Address
ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701-3218

Active Attorneys ▾
Lead Attorney
WILSON, CHARLES
Retained

## Events and Hearings

02/19/2021 NEW CASE FILED (OCA) - CIVIL

02/19/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/19/2021 CASE FILING COVER SHEET ▾

COVER SHEET

02/19/2021 ISSUE CITATION ▾

ISSUE CITATION

02/23/2021 CITATION ▾

Served
03/04/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/05/2021
Comment
LIPMAN-TEXAS

03/05/2021 RETURN OF SERVICE ▾

EXECUTED CITATION: LIPMAN-TEXAS

Comment
EXECUTED CITATION: LIPMAN-TEXAS

03/26/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

TAX CALI, SINDY PAOLA

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $300.00 |
| | Total Payments and Credits | | | $300.00 |
| 2/19/2021 | Transaction Assessment | | | $300.00 |
| 2/19/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 10122-2021-DCLK | TAX CALI, SINDY PAOLA | ($300.00) |

## Documents

ORIGINAL PETITION

COVER SHEET

ISSUE CITATION

EXECUTED CITATION: LIPMAN-TEXAS

ORIGINAL ANSWER

EXHIBIT 2

CAUSE NO. DC-21-02162

| | | |
|---|---|---|
| SINDY PAOLA TAX CALI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | DALLAS COUNTY, TEXAS |
| LIPMAN-TEXAS, LLC DBA LIPMAN | § | |
| PRODUCE, COMBS PRODUCE, AND | § | |
| LIPMAN FAMILY FARMS, | § | |
| | § | |
| Defendant. | § | 14TH JUDICIAL DISTRICT |

## **NOTICE OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE that on April 2, 2021, Defendant Lipman-Texas, LLC dba Lipman Produce, Combs Produce, and Lipman Family Farms ("Defendant") filed a Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, removing this action to federal court. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of that Notice with this Court (attached as Exhibit A), effects the removal of this action, and this Court may proceed no further unless the case is remanded.

Dated:  April 2, 2020.                              Respectfully submitted,

                                                    By: */s/ Charles H. Wilson*
                                                        Charles H. Wilson
                                                        Texas Bar No. 00797678
                                                        Michael Wilson
                                                        Texas Bar No. 24120409
                                                        LITTLER MENDELSON, P.C.
                                                        1301 McKinney Street, Suite 1900
                                                        Houston, Texas  77010
                                                        Telephone:  713.652.4737
                                                        Facsimile:  713.456.2481
                                                        ChaWilson@littler.com
                                                        MiWilson@littler.com

                                                    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 2nd day of April, 2021, a true and correct copy of the foregoing document was duly served via certified mail, return receipt requested, email, facsimile, and/or the Court's e-filing system, as follows:

Joseph H. Gillespie
GILLESPIE SANFORD LLP
4803 Gaston Avenue
Dallas, Texas  75246
Facsimile:  214.838.0001
Email:  joe@gillespiesanford.com

Shana Khader
EQUAL JUSTICE CENTER
1250 W. Mockingbird Lane, Suite 455
Dallas, Texas  75247
Facsimile:  469.941.0861
Email:  skhader@equajusticecenter.org

**ATTORNEYS FOR PLAINTIFF**
**SINDY PAOLA TAX CALI**

                                                        */s/ Charles H. Wilson*
                                                        Charles H. Wilson

2